Eastern District of Kentucky
**F I L E D**
JUN 2 3 2003
AT LONDON
~~LESLIE G. WHITMER~~
~~CLERK U.S. DISTRICT COURT~~

IN THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION
CIVIL ACTION NO. *03-334*

PRESTON SMITH, *Individually and in His*                      PLAINTIFF
*Official Capacity as Knox County Jailer*

vs.                            **VERIFIED COMPLAINT**

KNOX COUNTY FISCAL COURT

SERVE:       Hon. Raymond C. Smith
             Knox County Judge Executive
             Courthouse, Courthouse Square
             Barbourville, Kentucky 40906

and

RAYMOND C. SMITH, *Individually and in His*
*Official Capacity as Knox County Judge/Executive*
Courthouse, Courthouse Square
Barbourville, Kentucky 40906

and

WILLARD BARGO, *Individually and in His*
*Official Capacity as a Magistrate of the Knox County Fiscal Court*
Courthouse, Courthouse Square
Barbourville, Kentucky 40906

and

GIULIO CIMA *Individually and in His*
*Official Capacity as a Magistrate of the Knox County Fiscal Court*
Courthouse, Courthouse Square
Barbourville, Kentucky 40906

and

**CARSON GILBERT,** *Individually and in His*
*Official Capacity as a Magistrate of the Knox County Fiscal Court*
Courthouse, Courthouse Square
Barbourville, Kentucky 40906

and

**DOYLE GIBSON,** *Individually and in His*
*Official Capacity as a Magistrate of the Knox County Fiscal Court*
Courthouse, Courthouse Square
Barbourville, Kentucky 40906

and

**VERNON HAMILTON,** *Individually and in His*
*Official Capacity as a Magistrate of the Knox County Fiscal Court*
Courthouse, Courthouse Square
Barbourville, Kentucky 40906

and

**JOHN PICKARD,** *in His*
*Official Capacity as Knox County Sheriff*
Courthouse, Court Square
Barbourville, Kentucky 40906                                    **DEFENDANTS**

**\*\*\*      \*\*\*      \*\*\***

Comes the Plaintiff, Preston Smith, individually and in his official capacity as the duly

elected Jailer of Knox County, Kentucky, and for his Complaint herein, states as follows:

# I.
# INTRODUCTION

1.      This is a Complaint for declaratory, injunctive and compensatory relief pursuant

to 28 USC §2201, 42 USC §1983, and Rule 57 of the Federal Rules of Civil Procedure in which

the Plaintiff, who is the duly elected Knox County Jailer, seeks a declaration of rights that the

recent actions of the Knox County Judge/Executive, the Knox County Fiscal Court, and the

Knox County Sheriff, in taking charge of the jail, terminating the Jailer's deputies, and refusing

2

to relinquish the operation of the jail to him as the duly elected constitutional officer in charge of the jail, violated and continues to violate his federally secured right to due process of law.  The Plaintiff seeks a declaratory judgment holding the actions taken by the Defendants and complained of herein to be null and void.  Furthermore, Plaintiff seeks injunctive relief ordering the Defendants to return the charge of the Knox County Jail to the Plaintiff, and permanently enjoining Defendants from further acts and omissions in violation of his rights as secured by the laws and constitutions of the United States and the Commonwealth of Kentucky.  Finally, Plaintiff seeks damages to redress his injuries.

## II.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this case pursuant to 28 USC §1331, which provides for original district court jurisdiction in cases presenting federal questions.  Further, this court has supplementary jurisdiction over issues of state law raised by the Complaint.

## III.

## PARTIES

3.      Venue is proper in the London Division of the Eastern District of Kentucky under 28 USC §1391, because the Defendants reside there, and because the events that are at issue in this case arose within this Division.

4.      Plaintiff, Preston Smith, is a citizen of the United States, who resides at HC 66, P.O. Box 1728, Barbourville, Kentucky 40906.  Plaintiff is also the duly elected jailer of Knox County, Kentucky, having been elected in 1994, and having been re-elected thereafter, most recently in November, 2002.

5.      Defendant, Knox County Fiscal Court, is the governing body of Knox County, Kentucky, a political subdivision of the Commonwealth of Kentucky, pursuant to §144 of the Kentucky Constitution, and Kentucky Revised Statutes (hereinafter, "KRS") Chapter 67.

6.      Defendant, Judge Executive Raymond C. Smith, is the duly elected Judge Executive of the ~~Trimble~~ Knox County Fiscal Court, and is sued individually and in his official capacity.

7.      Defendant, Willard Bargo, is a Magistrate of the Knox County Fiscal Court, and is sued individually and in his official capacity.

8.      Defendant, Giulio Cima, is a Magistrate of the Knox County Fiscal Court, and is sued individually and in his official capacity.

9.      Defendant, Carson Gilbert, is a Magistrate r of the Knox County Fiscal Court, and is sued individually and in his official capacity.

10.      Defendant, Doyle Gibson, is a Magistrate of the Knox County Fiscal Court, and is sued individually and in his official capacity.

11.      Defendant, Vernon Hamilton, is a Magistrate of the Knox County Fiscal Court, and is sued individually and in his official capacity.

12.      Defendant, John Pickard, is the duly elected Sheriff of Knox County, Kentucky, and is sued in his official capacity.

## IV.
## FACTUAL ALLEGATIONS

13.      As jailer, Plaintiff has the powers and duties enumerated in KRS Chapter 71, *et seq.* Those powers and duties include the custody, rule and charge of the jail, and the right to appoint and remove deputy jailers.

4

14.     Raymond C. Smith, as the duly elected Judge Executive of Knox County, has only those powers and duties enumerated in KRS 67.710.  Those powers and duties do not include the custody, rule and charge of the jail, or the right to appoint and remove jail personnel.

15.     The Knox County Fiscal Court and the individual Magistrates of said Court have only those powers and duties enumerated in KRS 67.080 and KRS 67.083.  Those powers and duties do not include the custody, rule and charge of the jail, or the right to appoint and remove jail personnel.

16.     Defendant, John Pickard, as the duly elected Sheriff of Knox County, Kentucky, has only those powers and duties enumerated in KRS Chapter 70. Those powers and duties do not include the custody, rule and charge of the jail, or the right to appoint and remove jail personnel.

17.      On or about the 2nd day of June, 2003, the Knox County Fiscal Court issued an Order closing the Knox County Jail.  This Order was entered outside the authority of the Knox County Fiscal Court, because it was undertaken as a subterfuge to relieve the duly elected Knox County Jailer of the custody and charge of the jail, and further, to unlawfully deprive the Plaintiff of his right to appoint and remove deputy jailers.

18.     On the 2nd day of June, 2003, the Knox County Fiscal Court directed the Sheriff of Knox County to transport prisoners from the Knox County Jail to the Clay County Jail.

19.     On the 2nd day of June, 2003, the Knox County Fiscal Court also terminated the employment the deputy jailers who had been appointed by the Plaintiff in his capacity of Knox County Jailer.

20.     Subsequently, the Knox County Fiscal Court had the Sheriff of Knox County transport prisoners from the Clay County Jail, and return them to the Knox County Jail.

5

21.    Prior to, or at approximately the same time as returning prisoners to the Knox County Jail, the Knox County Fiscal Court authorized re-hiring the previously terminated employees who were deputy jailers under Plaintiff, and retained them as employees of the Knox County Sheriff's Department, serving in the capacity as jail personnel.

22.    The jail was then re-opened under the charge of the Knox County Sheriff.

23.    The actions of the Knox County Fiscal Court, its Judge/Executive, Magistrates, and the Knox County Sheriff were unlawful and not pursuant to any statutory authority.

24.    On the 2nd day of June, 2003, the Knox County Fiscal Court also unlawfully directed the Plaintiff to remand immediate custody of all assets belonging to Knox County and/or the Knox County Detention Center, including facilities, vehicles, furniture, equipment and records to the care, custody and safe-keeping of the Knox County Judge/Executive.

25.    Because Plaintiff has rights under Kentucky law giving rise to certain property interests based upon reasonable expectations in his charge and operation of the jail, he was entitled to due process of law requiring, at a minimum, notice and an opportunity to be heard prior to the deprivation of his rights.

26.    Plaintiff was not afforded any prior notice whatsoever of the actions of the Knox County Fiscal Court, and so did not have an opportunity to be heard, or an opportunity to invoke his right to be heard.

27.    Any request for a post-deprivation due process hearing would have been futile, since the Fiscal Court has refused to discuss this matter with either Plaintiff or his counsel, thus requiring Plaintiff to file suit in this Court in order to seek redress for violation of his right to due process and property.

28.     On the 19th day of June, 2003, the Knox County Judge/Executive entered an "Executive Order" directing Plaintiff to immediately suspend any and all activities at the Knox County Detention Facility and to immediately vacate the premises. The "Executive Order" also stated that Plaintiff no longer had any authority to make a debt, take any action, or make any obligation on behalf of the County, without the express written approval of the Knox County Judge/Executive. This Order was blatantly in violation of the applicable provisions of the Kentucky Constitution and the Kentucky Revised Statutes with respect to the custody, rule and charge of the jail, and usurped the authority of the Plaintiff and the Kentucky Corrections Cabinet by local executive *fiat.*

## V.

## CAUSES OF ACTION

### COUNT 1
### (DECLARATORY RELIEF)

29.     Plaintiff adopts and incorporates by reference as if fully restated herein Paragraphs 1-28 of his Complaint.

30.     The actions of the Defendants have effectively combined the offices of Sheriff and Jailer in Knox County, a prerogative expressly reserved to the Kentucky General Assembly under §105 of the Kentucky Constitution.

31.     In addition, the Orders of the Knox County Fiscal Court have effectively removed the Plaintiff from office in violation of the provisions of §68 of the Kentucky Constitution.

32.     By reasons of the acts and conducts of the Defendants as set forth above, the Plaintiff is entitled to a declaratory judgment, pursuant to 28 USC § 2201, and the Federal Rules of Civil Procedure, holding that the acts and omissions of the Defendants violate his federally secured rights to due process of law and his rights under state law with regard to his expectation

of continued custody and charge of the Knox County Jail, his right to appoint and remove deputies, and his reasonable expectation to undertake the care and treatment of prisoners in the Knox County Jail.

33.     Accordingly, Plaintiff is also entitled to relief from this Court enjoining the Defendants from continuing to operate the Knox County Jail without authority, and ordering the Defendants to return to Plaintiff the custody, charge and operation of the jail, and his right to appoint and remove jail personnel, as required by KRS Chapter 71.

## COUNT II
## (DUE PROCESS)

34.     Plaintiff adopts and incorporates by reference as if fully restated herein Paragraphs 1-33 of his Complaint.

35.     By reason of the acts and omissions of the Defendants as set forth above, Plaintiff has been denied due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution.

36.     Defendants' acts and omissions were, and remain, unauthorized by the Kentucky Constitution, or by the applicable Kentucky statutes and regulations.

## COUNT III
## (COMPENSATORY RELIEF)

37.     Plaintiff adopts and incorporates by reference as it fully restated herein Paragraphs 1-36 of this Complaint.

38.     The acts and omissions of the Defendants, jointly and severally, have caused Plaintiff to suffer injury, in that he has been embarrassed, humiliated, and deprived of property to which he had a reasonable expectation of enjoyment under the laws of the Commonwealth of

8

Kentucky, and therefore, demands compensatory and punitive damages in an amount in excess of the jurisdictional requirements of this Court.

## PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests this Court to grant him the following relief:

1.     A declaration of rights holding that the acts and omissions of the Knox County Fiscal Court in closing the jail, and then reopening the jail under the supervision of the Knox County Sheriff are in violation of Kentucky state law, and further, that the manner in which the Knox County Fiscal Court deprived Plaintiff in his reasonable expectation of property and continued charge of the jail and its inmates violated Plaintiff's rights under the 14th Amendment to the United States Constitution; and

2.     Permanent injunctive relief requiring the Knox  County Fiscal Court to return the custody and charge of the jail to Plaintiff, and further, enjoining the Knox County Fiscal Court from unlawfully interfering in Plaintiff's powers and duties as set forth under KRS Chapter 71;

3.     Permanent injunctive relief requiring the Knox County Fiscal Court to allow Plaintiff to hire and fire deputies, as set forth in KRS Chapter 71.060;

4.     Compensatory damages in an amount in excess of the jurisdictional limits of this Court;

5.     An award of punitive damages in excess of the jurisdictional limits of this Court;

6.     An Order awarding the Plaintiff his cost expended herein, including reasonable attorneys' fees, pursuant to 42 USC § 1988;

7.     Trial by jury; and

8.     Any and all other relief to which he may reasonably appear to be entitled.

9

Respectfully submitted,

C. THOMAS HECTUS
RANDALL S. STRAUSE
**HECTUS & STRAUSE PLLC**
804 Stone Creek Parkway, Suite 1
Louisville, Kentucky 40223
Telephone:  (502) 426-1661
Facsimile:   (502) 426-6772
**Counsel for Plaintiff**

10

## **VERIFICATION**

I, Preston Smith, after being duly sworn, state that I have read the foregoing statements, and based upon my information and belief, said statements are true and correct.

PRESTON SMITH, *Individually and in His Official Capacity as Knox County Jailer*

6/23/03
DATE

STATE OF KENTUCKY    )
                     ) SS
COUNTY OF Laurel     )

SUBSCRIBED AND SWORN to before me by PRESTON SMITH, this the **23** day of June, 2003.

NOTARY PUBLIC, STATE-AT-LARGE
KENTUCKY

My Commission Expires:  **08-04-05**

11